UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY COLAR et al.,

        Plaintiffs,         Case No. 1:12-cv-1197

v.         Honorable Robert J. Jonker

DANIEL HIENZ et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by three state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiffs' complaint for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiffs Anthony Colar, Kyle B. Richards, and James Jackson presently are incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). In their complaint, they sue MDOC Director Daniel Heyns[1] and the following IBC employees: Warden Ken McKee; Assistant Deputy Warden Tony Trieweiller; Assistant Resident Unit Supervisor (ARUS) Brian Hadden; Resident Unit Manager (RUM) (unknown) Mote; Captain (unknown) Makara; Lieutenant (unknown) Wise; Sergeant (unknown) Bennickson; and Corrections Officers (unknown) Strait, (unknown) Warr, (unknown) Wall, (unknown) Frieburger, and (unknown) Abbott.

Plaintiffs allege that they have been kept in segregation for an "extensive" period of time. (Compl., docket #1, Page ID#3.) For instance, Plaintiffs Richards and Jackson have been in segregation for five months. Plaintiffs complain that their meals are inadequate to keep them healthy, and as a result, they have experienced nausea, vomiting, fatigue, and weakness. They assert that the lack of food amounts to forced starvation or torture. Plaintiffs also assert that they have suffered psychological damage and stress from "sensory deprivation," because they cannot afford televisions or radios, and they are not provided "sufficient entert[ai]nment appliances." (*Id.* at Page ID#5.) Plaintiffs allegedly filed grievances and complained to Defendants Trieweiller, McKee, Hadden, Bennickson, and Wise, but "no resolution was reached." (*Id.* at Page ID#4.) Plaintiffs also contacted the office of MDOC Director Heyns, but no response was received.

---

[1] Plaintiffs refer to the MDOC director as "Hienz" in the complaint. The Court will use the correct spelling of Director Heyns' name for purposes of this opinion.

Plaintiffs further allege that Defendants Wall, Warr, and Frieburger have engaged in "der[]ogatory, har[]assing, and threatening" behavior. (*Id.* at Page ID#5.) Officers Warr and Strait threatened to shoot Plaintiff Richards. Also, on October 20, 2012, Officer Frieburger threatened to ejaculate in Plaintiffs' food.

Plaintiffs contend that Defendants have violated their rights under the Eighth Amendment. As relief, Plaintiffs seek damages and an injunction requiring that the MDOC provide "appliances" to indigent prisoners for their psychological well being. (*Id.* at Page 'ID#6.)

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that

the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Heyns, Trieweiller, McKee, Hadden, Bennickson, Abbott, Makara, Mote & Wise

Plaintiffs fail to make specific factual allegations against Defendants Heyns, Trieweiller, McKee, Hadden, Bennickson, Abbott, Makara, Mote, and Wise, other than to claim that they failed to adequately respond to unspecified grievances or complaints filed by Plaintiffs, or failed to properly oversee the operation of Plaintiffs' housing unit. Indeed, Defendants Abbott, Makara, and Mote are not even mentioned by name in the body of the complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of

one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiffs have failed to allege that Defendants Heyns, Trieweiller, McKee, Hadden, Bennickson, Abbot, Makara, Mote, and Wise engaged in any active unconstitutional behavior. Accordingly, Plaintiffs fail to state a claim against them.

### B. Defendants Wall, Warr, Frieburger & Strait

Plaintiffs assert that Defendants Wall, Warr, Frieburger and Strait have engaged in harassing or threatening behavior. Defendants Warr and Strait threatened to shoot Plaintiff Richards, and Defendant Frieburger threatened to ejaculate in Plaintiffs' food. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not

afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiffs fail to state a claim against Defendants based on their alleged threats and verbal abuse.

In addition, Plaintiffs fail to describe in any detail the offending behavior by Defendant Wall. Thus, Wall must be dismissed for the additional reason that Plaintiffs' allegations against him are too vague to "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.

### III. Duplicative action

The Court notes that, less than a month before filing the instant action, Plaintiffs Richards and Jackson filed a separate action against almost all of the Defendants named herein,[2] asserting essentially identical claims, *i.e.*, that Plaintiffs were being deprived of adequate food and entertainment.[3] *See Jackson et al. v. Snyder et al.*, No. 1:12-cv-1134 (W.D. Mich.) (filed Sept. 28, 2012). Plaintiffs Richards and Jackson cannot proceed against the same Defendants in a second action based on the same set of facts.

---

[2] All Defendants except for Abbott, Strait, and Wall were named as defendants in Case No. 1:12-cv-1134. Defendant Makara was later dropped from that action when Plaintiffs amended their complaint.

[3] In an amended version of their complaint, Plaintiffs also alleged that Defendants Frieburger and Warr threatened to ejaculate in Plaintiff Jackson's food. *See Jackson*, No. 1:12-cv-1134 (Am. Compl., docket #31, Page ID#129).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' action must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An Order consistent with this Opinion will be entered.


Dated:    March 5, 2013              /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                UNITED STATES DISTRICT JUDGE